```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA,   )<br>      )<br>     Plaintiff,   )<br>      )<br>vs.        )      No. 01-20064-1-Ma<br>      )<br>FRED ASKEW,   )<br>      )<br>     Defendant.   )<br>      ) | |

```
              ORDER CORRECTING THE DOCKET
                          AND
          ORDER DENYING IRREGULAR CRIMINAL MOTION
```

On July 12, 2005, the clerk filed a letter to this judge from defendant Fred Askew, Bureau of Prisons ("BOP") inmate registration number 17740-076, who was, at the time, an inmate at the Federal Prison Camp in Millington, Tennessee,[1] in which he requested to spend the remainder of his sentence at the Diersen Charities Halfway House in Memphis or on home confinement.

On March 27, 2001, a federal grand jury returned a two-count indictment against Askew and five codefendants. The first count charged all defendants with conspiring, in violation of 18 U.S.C. § 371, to (i) embezzle, steal, unlawfully take, and carry

---

[1] According to the BOP website, Askew is currently housed in a halfway house in Nashville, Tennessee. The mailing address for inmates at that facility is not listed on the website, although there is a telephone number. The Clerk is directed to obtain the defendant's current mailing address and to update the docket to include that information. This order should be mailed to the defendant at his correct address.

away from a motor truck, vehicle, storage facility, platform, and depot, with intent to convert to their own use, goods and chattels of a value of more than $1000 moving in interstate commerce, in violation of 18 U.S.C. § 659; (ii) knowingly receive and have in their possession goods and chattels having a value in excess of $1000, knowing the same to have been stolen and embezzled from an interstate shipment of freight and property, in violation of 18 U.S.C. § 659; and (iii) transport in interstate commerce goods and merchandise of a value of more than $5000 knowing the same to have been stolen, in violation of 18 U.S.C. § 2314. The second count charged that Askew, on or about May 11, 1998, embezzled, stole, unlawfully took and carried away, and concealed a truckload of laptop computers traveling from Chicago to Memphis, in violation of 18 U.S.C. § 659.

A jury trial commenced on August 8, 2001 before then-District Judge Julia Smith Gibbons. On August 10, 2001, the jury returned a not guilty verdict on count 2, and Judge Gibbons declared a mistrial on count 1. A second jury trial commenced on September 10, 2001 before Visiting Judge Bernard A. Friedman, and the jury returned a guilty verdict on count 1 on September 13, 2001. Judge Gibbons conducted a sentencing hearing on January 4, 2002, at which Askew was sentenced to sixty (60) months imprisonment, to be followed by a three-year period of supervised release. The Court also ordered restitution in the amount of

$262,236.40. Judgment was entered on January 17, 2002. The United States Court of Appeals for the Sixth Circuit affirmed Askew's conviction and sentence. <u>United States v. Askew</u>, 74 Fed. Appx. 545 (6th Cir. Aug. 27, 2003) (per curiam).

Askew filed a motion pursuant to 28 U.S.C. § 2255 on July 8, 2004. The Court denied the motion on July 22, 2005 and denied a certificate of appealability. <u>Askew v. United States</u>, No. 05-2514-Ma/V (W.D. Tenn.). Askew filed a notice of appeal, which was docketed in the Sixth Circuit as case no. 05-6834.

The Sentencing Reform Act of 1984 places strict limits on a court's power to modify a judgment imposing sentence. Rule 35(c) of the Federal Rules of Criminal Procedure permits correction of technical errors in a sentence, but only if the court acts within seven (7) days of the entry of judgment. Although Fed. R. Crim. P. 36 contains no time limitation, it permits only correction of clerical mistakes in judgments. Moreover, 18 U.S.C. § 3582(c), the only statute that authorizes a federal judge to modify a sentence because of a change in circumstances, is inapplicable here.

Pursuant to 18 U.S.C. § 3621, persons convicted of federal crimes are committed to the custody of the BOP. That section vests the BOP with the discretion to assign prisoners to particular prisons or programs. It does not create any right to amend or modify the judgment under which a prisoner is sentenced. <u>See</u> <u>United States v. Serafini</u>, 233 F.3d 758, 779 n.23 (3d Cir.

2000) ("[A] district court has no power to dictate or impose any place of confinement for the imprisonment portion of the sentence. Rather, the power to determine the location of imprisonment rests with the Bureau of Prisons.") (emphasis in original); United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991) (sentencing recommendation designating place of confinement is "mere surplusage"); Brown-Bey v. United States, 720 F.2d 467, 470 (7th Cir. 1983) (interpreting § 3621(b)'s language "[t]he Bureau may designate any available . . . facility" for a prisoner's confinement as not creating any statutory right to assignment to a particular prison or to transfer between prisons); Lyons v. Clark, 694 F. Supp. 184, 187 (E.D. Va. 1988)(same); cf. Lopez v. Davis, 531 U.S. 230, 238-44 (2001) (interpreting 18 U.S.C. § 3621(e)(2)(B) broadly to permit the BOP to exercise its discretion on a categorical or case-by-case basis).

Similarly, 18 U.S.C. § 3624(c), permitting the BOP to release a prisoner to a community corrections facility before a mandatory release date, has been interpreted as vesting discretion in the BOP, not creating a right to such release. Prows v. Federal Bureau of Prisons, 981 F.2d 466, 469 (10th Cir. 1992); United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991). Neither statute authorizes the relief requested.

This Court lacks jurisdiction to grant the relief sought in Askew's motion, and the motion is, therefore, DENIED.

4

As no reasonable jurist could disagree that this Court is without jurisdiction to modify the defendant's sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that any appeal in this matter by defendant, proceeding <u>in</u> <u>forma</u> <u>pauperis</u>, is not taken in good faith.

IT IS SO ORDERED this 16th day of March, 2006.

                                     s/ SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE

01-20064.Order.wpd